**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-50186-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Tomasz Adamek, | |
| Defendant. | |

The Defendant, *pro se*, filed a request with the Court seeking early termination of his probationary term.  (Doc. 2).  The Government has filed a Response.[1]  (Doc. 4).  The Court has reviewed a Memorandum from the Defendant's supervising probation officer.  For the reasons stated herein, the Court will grant the Defendant's Motion.

## I.    Background

The Defendant was convicted of Willful Failure to Collect and Pay Over Taxes in violation of 26 U.S.C. § 7202.  He was sentenced in the U.S. District Court in the Eastern District of New York on November 29, 2017 to a term of 60 months on probation and ordered to pay the Internal Revenue Service $99,986.11 in restitution.  (Doc 29 at 5–6).  The restitution order was imposed jointly and severally with his co-defendant.  (*Id.*)  The conviction stems from the Defendant's operation of a granite and marble installation business and his failure to pay Federal Insurance Contribution Act taxes and an Employer's

---

[1] The Government's Response initially states "[t]he United [sic] does oppose Defendant's request" but in its concluding paragraph more clearly states "the government does not oppose early termination."  (*Id.* at 1–2).  The Court will therefore treat the Defendant's Motion as unopposed.

Quarterly Federal Tax Return for over four years.

The Defendant's case was transferred to the district of Arizona on October 9, 2018. (Doc. 31). Upon intake, the U.S. Probation Office determined that he would be suited for the Low Intensity Supervision Caseload based on his low risk to reoffend, among other criteria. However, that status was changed in November 2019 because the Defendant did not submit financial records indicating that he was current on his restitution payments. At this time, however, the Defendant has paid his restitution in full. Unfortunately, his personal and health circumstances have turned dire, and he has been deemed disabled. (Doc. 2).

## II.   Law and Analysis

Title 18 U.S.C. § 3564(c) gives a district court discretion to determine whether to terminate a term of probation "at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." In making the determination, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id.* A review of these factors and the Defendant's current circumstances warrant early termination of his probation termination.

The Defendant has served over three years of his probationary term. In imposing the original sentence, the sentencing court considered the Defendant's restitution payment to be paramount. (Doc. 28 at 3). The Defendant has paid his restitution in full. There were no special conditions related to substance abuse or to address mental health concerns.[2] Thus, the Defendant's need for rehabilitation does not appear to be an issue. The Court finds no information upon which it can find the Defendant is a danger to himself or others.

While the payment of his entire restitution is in and of itself an important consideration, his current health and unemployment statuses are also compelling. The Defendant has documented myriad health issues that apparently qualify him for monthly social security disability payments. (Doc. 2 at 2–3). He also reports having to move into a shelter during the pandemic after being evicted from his rental home. Apparently, he was

---

[2] The Defendant was also ordered not to possess a firearm or destructive device. (Doc. 29 at 4).

previously being supported by his mother who contracted COVID-19 and thereafter, she became unemployed.   At the time of his Motion, the Defendant was still residing in a shelter.  Of note is the Defendant's continued desire to work.  (Doc. 2) ("[T]his will allow me to look for some work to help myself and my mother too.").  A review of the § 3553(a) factors and the fact that the Defendant's met his restitution obligation convince the Court that it is in the interest of justice to grant the Motion.

Accordingly,

**IT IS HEREBY ORDERED** granting the Defendant's Motion (Doc. 2).

Dated this 21st day of May, 2021.

Honorable Diane J. Humetewa
United States District Judge